JOHN A. MARTIN, *as Governor of the State of Kansas*, v. HENRY C. LACY.

COUNTY—*Organization*—*False Census Returns*—*No Injunction, When.*
An action to perpetually enjoin the governor from organizing a county on the grounds that the memorial upon which the census-taker was appointed was insufficient, and that the returns made by the census-taker were fraudulent and false, cannot be maintained when it is shown that the charges of insufficiency and fraud have never been brought to the notice of the governor, who is invested with full authority and is specially enjoined by law to inquire into the truth of such charges before proceeding with the organization. (*Martin, Governor, v. Ingham,* 38 Kas. 641.)

*Error from Shawnee District Court.*

ACTION to restrain the governor from proceeding with the organization of Greeley county. Temporary injunction granted on July 16, 1887. The defendant has brought the case to this court. The material facts appear in the opinion.

*S. B. Bradford,* attorney general, for plaintiff in error.
*Waters, Chase & Tillotson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by Henry C. Lacy against John A. Martin, as governor, to enjoin him from proceeding with the organization of Greeley county. Lacy alleged, as a qualification to maintain the action, that he was a resident and legal elector of Greeley county, but the governor consented that the action might proceed in the name of the plaintiff, and waived objection to the capacity of Lacy to prosecute the same. The material allegations of the petition are that a memorial was presented to the governor on April 6, 1887, purporting to be signed by 423 householders and legal electors of Greeley county, representing that the county contained more than 2,500 *bona fide* inhabitants, of which more than 400 were resident householders of the county, and that the county contained within its boundaries the amount of tax-

able property requisite for organization, and requesting the governor to appoint a census-taker. Attached to the memorial was the affidavit of five freeholders of the county, showing that the signatures to the memorial were genuine; and the governor thereupon appointed one S. O. McDowell to take the census and ascertain the number of actual *bona fide* inhabitants of the county, and to ascertain and assess the actual amount of taxable property that was within the limits of the county. The appointee immediately took and subscribed to the oath of office required by law, and proceeded to take the census and make the assessment. The plaintiff further states that the census-taker did not perform his duties in a fair and impartial manner, in this, that he required persons who were electors to deposit with him their ballots indicating their preferences for the temporary county seat, and that in a number of instances after a long delay he counted the preferences of the electors for temporary county seat for a place other than that indicated by them. It is averred that on or about the 23d of June, 1887, the census-taker made a return of the census and assessment taken by him, and of the preference of the electors of the county for the temporary location of the county seat, and that the governor is likely to and will consider and act upon the report on June 28, 1887, and will find therefrom that there are at least 2,500 actual *bona fide* inhabitants in the county, and that 400 of them are householders; and that there is at least $150,000 worth of property in excess of legal exemptions and exclusive of railroad property, of which at least $75,000 worth is real estate; and that he will appoint three commissioners, a county clerk and a sheriff, and will designate the town of Tribune as the temporary county seat, unless he is restrained by the injunction of the court. It is further alleged that the memorial presented to the governor did not contain the names of 400 householders who were at the time of signing the same legal electors of the county of Greeley, but that about 60 of those who signed the same were neither householders nor legal electors of the county.

The prayer of the petition is, that the governor be enjoined

from the further consideration of the report of the census-taker, and also from designating or declaring any place as the temporary county seat of Greeley county.

At the hearing for the temporary injunction, testimony was offered to sustain the charge of unfairness and fraud on the part of the census-taker, and affidavits were offered to show that some of the persons who signed the memorial were not householders and legal electors at the time the memorial was filed.   A temporary injunction was granted, and of this order complaint is made.

It is not alleged or shown that the defects in the memorial or the frauds charged against the census-taker have ever been brought to the notice of the governor.   If facts are brought to his attention which lead him to believe that the memorial and census report are incorrect, fraudulent, or false, the law requires him to delay or refuse to further proceed with the organization, and to institute an investigation by sending three disinterested householders of the state into the unorganized county to ascertain the truth or falsity of the charges made, and to order prosecutions instituted against any person who may have been guilty of violating any law relating to the organization of the county. (Laws of 1876, ch. 63, § 3.)   The law thus prescribes that the inquiry attempted to be instituted in the courts should be made before the governor, and therefore it cannot be said that a plain and adequate remedy other than injunction does not exist.   It is not claimed that the governor has refused to perform his duty, and the presumption is, that if cause for delay and for investigation is shown before him, he will obey the injunctions of the law and faithfully perform the duties of his high office.   The chief executive is invested by the legislature with full authority to ascertain the truth or falsity of the charges, and the remedy for the grievances complained of thereby furnished is adequate, and over his judgment and decision in such inquiry the courts have no control.   The petition shows that as yet he has not acted, nor has he had any opportunity to act upon the charges made, and it does not appear that any reason or necessity exists

45 — 39 KAS.

for an appeal to the courts. The facts alleged bring the case fairly within the rule established in *Martin, Governor, v. Ingham,* 38 Kas. 641; and following that, we must hold that the order of injunction was erroneously granted.

Judgment reversed.

All the Justices concurring.