M. A. HOUSEHOLDER v. E. N. MORRILL, *as Governor of the State of Kansas.*

1. GOVERNOR—*Mandamus.* The governor of this state, acting as governor, is not an officer inferior to this court, and cannot be compelled by *mandamus* to perform a duty not strictly ministerial.

2. BOARD OF TRUSTEES—*Suspension of Member. Mandamus* will not lie to compel the governor to revoke an order suspending a member of the board of trustees of charitable institutions, based on charges preferred which the governor deems worthy of credit.

*Original Proceeding in Mandamus.*

THE material facts are stated in the opinion herein, filed June 8, 1895.

*W. C. Webb*, for plaintiff.

*F. B. Dawes*, attorney general, and *A. A. Godard*, for defendant.

The opinion of the court was delivered by

ALLEN, J.: It is alleged in the alternative writ of *mandamus* issued in this case that the plaintiff was on the 4th of March, 1893, duly appointed by the governor as one of the trustees of the benevolent and charitable institutions of the state; that he was confirmed by the senate, and duly commissioned as such trustee for the term of three years commencing on the 1st of April, 1893. It further appears from the writ that charges were preferred against the plaintiff, and a committee of members of the legislature was thereupon appointed to investigate said charges in accordance with the provisions of chapter 239 of the Laws of 1889, and that the governor served the notice on the plaintiff stating that by authority of law he was suspended

as a member of the board of charities; that by reason of such order of the governor the plaintiff has been prevented from discharging his duties as such trustee; and it is alleged that such suspension was without lawful warrant or authority. It is contended that chapter 239 of the Laws of 1889 has no application to members of the board of charities, (1) because the constitution creates the office of the trustees of benevolent institutions and provides for the impeachment of the governor and all other officers under the constitution. It is contended that, as there is no other provision in the constitution for their trial for misdemeanors in office, impeachment is the only remedy; (2) it is claimed that even if the constitutionality of the act be maintained it does not in terms apply to members of the board of charities, but only to the officers directly in charge of the several institutions, such as the superintendent, steward, etc. The view we take of this case renders an examination of the questions most discussed by the learned counsel for the plaintiff unnecessary. The only relief sought by the writ is that the governor be commanded to rescind or revoke his order suspending or purporting to suspend the plaintiff as trustee of the charitable and benevolent institutions. Section 688 of the code of civil procedure reads:

"The writ of mandamus may be issued by the supreme court or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion."

The governor of Kansas, as governor, is in no sense inferior to this court.   He stands at the head of the executive department, as this court stands at the head of the judicial department.    It is true that it has been held that where a purely ministerial duty is imposed on the governor, which might as well have devolved on any inferior officer, the performance of that duty may be compelled by *mandamus*. (*Martin v. Ingham*, 38 Kas. 641).    It was said in the opinion in that case :

"The only acts of public functionaries which the courts ever attempt to control by either injunction or *mandamus* are such acts only as are in their nature strictly ministerial ; and a ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed."

By the provisions of the statute under which the governor assumed the right to act, he must first determine, before taking any steps whatever, whether the charges are worthy of credit or emanate from a reliable and trustworthy source.    This requires the exercise of judgment and discretion, and therefore is not a purely ministerial act.  (*Martin v. Lacy*, 39 Kas. 703 ; *Insurance Co. v. Wilder*, 40 id. 561.)    In this case the governor has unquestionably acted as governor, and not as a mere ministerial officer.    There is no statute making it his duty to revoke the order complained of, even if made without authority of law.    If the court were to assume the power to compel him to revoke his order and restore the plaintiff to his office it would do so because it determined that it was his duty as governor to reinstate the plaintiff.    This is all we deem it necessary to decide in this case.    It will be time enough to consider other questions when they

are necessarily involved in the disposition of the case before us.

The writ does not state a cause of action, and will be quashed.

All the Justices concurring